IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEURO KINETICS, INC.,<br><br>              Plaintiff,<br><br>      v.<br><br>DR. JAMES Z. CINBERG,<br>THE BALANCE DISORDER CENTER OF<br>NEW JERSEY, LLC,<br><br>              Defendants. | Civil Action No.<br><br>(Removed from the Court of Common Pleas of Allegheny County, Pennsylvania, Docket No. GD-16-025206) |

## NOTICE OF REMOVAL

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Dr. James Z. Cinberg ("Cinberg") and The Balance Disorder Center of New Jersey, LLC ("BDC"), hereby file this Notice of Removal for the purpose of removing the action docketed at No. GD-16-025206 in the Court of Common Pleas of Allegheny County, Pennsylvania (the "Action") to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Cinberg and BDC state as follows:

## CASE BACKGROUND AND FOUNDATION FOR REMOVAL

1. On December 30, 2016, Plaintiff Neuro Kinetics, Inc. ("NKI"), filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, against Cinberg and BDC. In the Complaint, NKI alleges counts sounding in breach of contract, misappropriation of trade secrets, conversion, unfair competition and unjust enrichment. A copy of the Complaint and exhibits to the Complaint are attached as Exhibit A.

2. NKI has not served the Complaint on either Cinberg or BDC. Moreover, NKI neither issued nor served a Praecipe for Writ of Summons. Consequently, neither Cinberg nor BDC has been formally served with notice of the Action.

3. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.[1] Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action that is between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Removal of the Action to this Court is appropriate because the Action is pending in Allegheny County, Pennsylvania, a county within the geographic scope of the Western District of Pennsylvania. *See* 28 U.S.C. § 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

5. There is complete diversity of citizenship between the parties.

6. The Plaintiff, NKI, is a Pennsylvania corporation with a principal place of business in Allegheny County, Pennsylvania.

7. Defendant Cinberg is an individual resident of New Jersey.

8. Defendant BDC is a New Jersey Limited Liability Company with a principal place of business in Elizabeth, New Jersey.

9. Thus, Defendants are not residents of Pennsylvania and are consequently diverse from the Plaintiff.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. As noted above, for purposes of diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

---

[1] For the avoidance of doubt, neither Cinberg nor BDC consents to or waives the right to challenge personal jurisdiction. To the contrary, all such rights are expressly reserved.

11. Where a case is removed from state court, the analysis of the amount in controversy begins with a review of the complaint filed in the state court. *See Samuel-Bassett v. KIA Motors Am., Inc.* 357 F.3d 392, 398 (3d Cir. 2004). The determination of the amount in controversy must be based on the complaint as of the time the notice of removal is filed, and the amount is not to be measured at the low end of an open-ended claim, but instead by a reasonable reading of the value of the rights being litigated. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002).

12. Plaintiff does not quantify in the Complaint the exact amount of damages it seeks to recover in the Action. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

13. Specifically, the Complaint seeks, in pertinent part, compensatory damages in excess of $50,000, as well as for an award of exemplary damages of twice the compensatory damages and reasonable attorneys' fees pursuant to the provisions of the Pennsylvania Uniform Trade Secrets Act. *See, e.g.,* Complaint, *Ad Damnum* clause, at 22.

14. Neither Cinberg nor BDC waive any rights or defenses they have to the allegations of the Complaint. Taking the Complaint's allegations on their face as true and reasonably measuring the value of the claim, however, Plaintiff's Complaint reasonably demonstrates an amount in controversy in excess of $75,000.

15. Given the complete diversity of the parties and an amount in controversy in excess of $75,000, this Court has jurisdiction over the causes of action and claims asserted in the Action pursuant to 28 U.S.C. § 1332, and the Action properly is removable pursuant to 28 U.S.C. § 1441.

## **OTHER ISSUES**

16. Defendants expressly reserve any and all rights, objections or defenses that Defendants may assert in response to the Complaint, including without limitation those under Rule 12 of the Federal Rules of Civil Procedure.

17. Defendants' Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of when Cinberg first received notice of the filing of the Complaint.

18. NKI has agreed not to oppose removal of the Action to this Court and/or file a motion to remand the Action to the Court of Common Pleas of Allegheny County, Pennsylvania. In exchange, Cinberg and BDC have agreed to waive formal service of the Complaint.

19. Both Defendants consent to the removal of this Action from the Court of Common Pleas of Allegheny County, Pennsylvania, to this Court.

20. Defendants are providing notice of the filing of this Notice of Removal to NKI. Defendants will also file a Notice of Filing of Notice of Removal with the Court of Common Pleas of Allegheny County, Pennsylvania, promptly following the filing of the Notice

[remainder of page left blank]

of Removal with this Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that the Action is removed from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania.

**FOX ROTHSCHILD LLP**

January 26, 2017                    /s/ *John R. Gotaskie, Jr.*
                                                   Scott L. Vernick (*Pro Hac Vice Motion to be filed*)
                                                   PA ID No. 51547
                                                   John R. Gotaskie, Jr.
                                                   PA ID No. 81143
                                                   BNY Mellon Center
                                                   500 Grant Street, Suite 2500
                                                   Pittsburgh, PA 15219
                                                   Telephone: (412) 391-1334
                                                   Facsimile: (412) 391-6984
                                                   jgotaskie@foxrothschild.com

                                                   *Counsel for Defendants Dr. James Z. Cinberg and*
                                                   *The Balance Disorder Center of New Jersey, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of January, 2017, a true and correct copy of the foregoing Notice of Removal was served via United States mail, First Class, postage prepaid, upon the following:

Blynn L. Shideler
BLK Law Group
3500 Brooktree Road, Suite 200
Wexford, PA  15090
blynn@blklawgroup.com

*Counsel for Neuro Kinetics, Inc.*


Dated:  January 26, 2017                                        *s/ John R. Gotaskie, Jr.*
                                                                                    John R. Gotaskie, Jr.