IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEURO KINETICS, INC.,

    Plaintiff,

v.

DR. JAMES Z. CINBERG, et al.,

    Defendants.

2:17-cv-124

Judge Mark R. Hornak

## MEMORANDUM OPINION

The Plaintiff has filed a six (6) count Amended Complaint. All of the counts relate, some more directly than others, to one or more patents applied for and issued to the Defendant(s). The Defendants have moved for judgment on the pleadings as to Counts 1-5 of the Amended Complaint. The remaining Count, Count 6, is concededly within the jurisdiction of this Court to adjudicate. Oral argument has been held, and the motion is ripe for disposition.

Here is the essence of what is going on. The Plaintiff says that its principal shared substantial proprietary information with Defendant Cinberg, and that Cinberg used that information to apply for and receive one or more of the above-referenced patents. Disposition of the state law claims in this case at Counts 1-5 may turn in large measure on that core allegation, and also on the role that the Plaintiff and its principals say that they should have been credited with as to the inventions behind those patents. Count 6 of the Amended Complaint goes right to those core issues. The Defendants' motion in essence challenges the timeliness of the assertion of the Plaintiff's claims in this Court, and also goes to the power of this Court to address the underlying merits of those Pennsylvania state law claims in light of their relationship to the patents issued, and the exclusive application of substantive federal law to such matters.

The Plaintiff holds a decision from the United States Patent Trial and Appeal Board ("PTAB Decision") that says in sum and substance that the principal of the Plaintiff is a co-inventor as to the '589 Patent involved in the claims asserted here. ECF Nos. 34, 34-1, 34-2. The Defendant has appealed to the United States Court of Appeals for the Federal Circuit. That Court's decision on the PTAB matter will in this Court's estimation substantially impact the disposition of the claims and defenses in this action. At Oral Argument in this case, the Court asked counsel to do some homework. Plaintiff's counsel was to file the PTAB Decision on the docket of this Court promptly. That he did. Counsel for the Defendants was to file on this Court's docket the "Statement of Issues" portion of the brief that he was finalizing and filing with the Federal Circuit within a few days of that oral argument. That has not occurred, but perhaps for good reason—the Plaintiff's filing says that the parties have stipulated to a 60 day extension for the filing of that brief, as settlement talks are on-going.

The Plaintiff has suggested that in light of the motion for judgment on the pleadings, and the issues involved in its disposition, and of the allegations of Count 6 of the Amended Complaint, this Court should enter a stay of further proceedings in this case pending the disposition of the Federal Circuit appeal. The Defendant has opposed that, saying that it is unnecessary, improvident and would leave this case "hanging over" the Defendant on the docket of this Court.

What is clear to this Court is the following: first, even if Defendants' motion is granted, Count 6 will still be "hanging over" the Defendant; second, after oral argument, it is plain that the disposition of the inventorship issues at the Federal Circuit may well materially impact the viability of several of the Counts in the Amended Complaint, particularly Counts 3-5; third, it would appear from the agreement of the parties to put the brakes on the briefing in the Federal Circuit that to a degree, they are each OK with some additional delay in the ultimate disposition of that appeal, and

2

in the ultimate disposition of the disputes between them, which are all wrapped up in this case; fourth, from that, this Court can divine that there is no facial prejudice to any party, particularly to the Defendants, if there is some pause in the various proceedings by which the disputes between these parties will be resolved; and fifth, if the parties are in settlement talks, presumably they will talk about settling all disputes (or at least Patent related disputes) between them.

In light of all of the above, the Court will enter an Order staying this civil action, and administratively closing it on the docket. The parties shall file a joint status report on the docket here on or before October 20, 2017. The Court concludes that the entry of such an Order will not materially prejudice the rights of any party, will avoid what may well be currently unnecessary litigation, and will foster the "just, speedy, and inexpensive" disposition of this action. Fed. R. Civ. P. 1.

An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: August 23, 2017

cc: All counsel of record